IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DANIEL ZAVALA,

   Petitioner,

v.                                          Civil Action No.: JRR-23-859

WARDEN CYNTHIA CARTER,

   Respondent.

**MEMORANDUM OPINION**

Daniel Zavala, currently incarcerated at the Federal Correctional Institution in Cumberland, Maryland ("FCI-Cumberland"), filed the above-captioned Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Respondent filed a Limited Answer asserting that it must be dismissed as untimely. ECF No. 7. Mr. Zavala replied (ECF No. 10) and later supplemented his reply at the Court's direction (ECF No. 12). No hearing is necessary. *See* Rule 8(a), *Rules Governing § 2254 Cases in the U.S. Dist. Cts.*; Loc. R. 105.6 (D. Md. 2025); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For the reasons that follow, the Petition is denied as untimely and a certificate of appealability shall not issue.

**I.**    **Background**

On June 25, 2010, Mr. Zavala was indicted in the Circuit Court for Montgomery County, Maryland on a murder charge. State Record, ECF No. 7-1 at 4, 8. On July 22, 2010, Mr. Zavala pleaded guilty to first degree murder. *Id.* at 10. He was sentenced to life imprisonment. *Id.* Mr. Zavala did not seek leave to appeal his guilty plea; nor did he file a post-conviction petition challenging his conviction. *See id.*

Thirteen years later, Mr. Zavala filed his federal habeas petition in this Court. ECF No. 1. He asserts that his sentence was illegally imposed because his plea agreement stated that he would be sentenced to 25 to 35 years' incarceration but instead he received a life sentence. *Id.* at 5. Mr. Zavala also contends he was denied due process because the Bureau of Prisons will not provide him with an interpreter to assist him with legal research.[1] *Id.*

## II. Standard of Review

A one-year limitations period applies to petitions filed pursuant to 28 U.S.C. § 2254, counting down from the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1).

The limitations period is subject to tolling in certain circumstances. The habeas statute provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). In other words, the federal clock is paused during the pursuit of state post-conviction relief, assuming the application for state post-conviction relief was properly filed. The limitations period is also subject

---

[1] Mr. Zavala is currently in a federal prison because he is serving a sentence for a conviction in the District of Columbia. *See* ECF No. 7-1 at 22.

to equitable tolling "in those 'rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party and gross injustice would result.'"  *Whiteside v. United States*, 775 F.3d 180, 184 (4th Cir. 2014) (quoting *Rouse v. Lee*, 339 F.3d 238 (4th Cir. 2003) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000))).  To equitably toll the limitations period, the habeas petitioner must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Id.* (quoting *Holland v. Fla.*, 560 U.S. 631, 649 (2010)).  "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence."  *Holland*, 560 U.S. at 653 (internal citations and quotation marks omitted).  Extraordinary circumstances may involve "wrongful conduct" on the part of the government or other circumstances beyond the petitioner's control.  *Harris*, 209 F.3d at 330 (quoting *Alvarez-Machain v. United States*, 107 F.3d 696, 700 (9th Cir. 1996)).

### III.    Analysis

In this case, the one-year limitations period runs from the date on which the judgment became final.  28 U.S.C. § 2244(d)(1)(A); *see Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) (noting the first date applies "unless one of the circumstances enumerated by the statute is present and starts the clock running at a later date").  Mr. Zavala's judgment of conviction became final on August 21, 2010, 30 days after his plea was entered when his time to file an application for leave to appeal expired.  *See* Md. Code Ann., Cts. & Jud. Proc. § 12-302(e)(2).  Because August 21, 2010, was a Saturday, his time to file an application was automatically extended to Monday, August 23, 2010. Md. R. 1-203(a).  Absent tolling, the limitations period for habeas review closed one year later on August 23, 2011.  Mr. Zavala did not file a post-conviction petition and is therefore not entitled to any statutory tolling of the limitations period.

In his Supplemental Reply, Mr. Zavala argues the limitations clock did not start until he received notice of the immigration removal proceedings against him. Mr. Zavala asserts he filed this Petition because he was served with a removal order despite being unaware that his conviction could lead to deportation. ECF No. 12-3 at 1. Mr. Zavala further asserts that the immigration detainer resulted from his counsel's failure to advise him of the consequences of his guilty plea and that his removal would violate constitutional law. *Id.* at 2.

In essence, Mr. Zavala asserts, pursuant to 28 U.S.C. § 2244(d)(1)(D), that the statute of limitations period should be determined by "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence" — in this case, when he became aware of the removal proceedings. This argument is unavailing because the initiation of Mr. Zavala's immigration proceedings has no bearing on the claim he raises in this Petition. He challenges only the contents of his plea agreement and the length of the sentence imposed. The limitations period for the stated claim began when his judgment became final as none of the other circumstances apply. Therefore, the Petition is untimely. 28 U.S.C. § 2244(d)(1)(A).

Accordingly, the Court cannot proceed to the merits of Mr. Zavala's claim unless he can establish that he is entitled to equitable tolling of the limitations period. In support of his request for equitable tolling, Mr. Zavala claims that his trial counsel's ineffectiveness prevented him from filing within the one-year period. ECF No. 10 at 1. Mr. Zavala contends he waived his appellate rights because his counsel failed to adequately explain the immigration consequences of pleading guilty. *Id.* He also reasserts that because he primarily speaks a language other English, he cannot use the law library available at FCI-Cumberland. *Id.* at 2. According to Mr. Zavala, a Spanish

legal orientation program was not available until October 2011, after the limitations period closed. *Id.*

Generally, ineffective assistance of counsel does not warrant equitable tolling. *Rouse v. Lee*, 339 F.3d 238, 248 (4th Cir. 2003). Moreover, as the Court already noted, Mr. Zavala did not raise an ineffective assistance of counsel claim based on a failure to advise him of the immigration consequences of his criminal conviction. Even if he had raised such a claim, Mr. Zavala has not established that he exhausted the claim in state court, which is a prerequisite to raising his claims in this Court. 28 U.S.C. § 2254(b) and (c); *Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973).

Mr. Zavala's assertion regarding his language barrier and how it affects his access to the legal system is also insufficient to warrant equitable tolling. While some federal courts have held that an inability to understand English combined with a denial of access to translation or legal assistance may constitute extraordinary circumstances, in this instance, Mr. Zavala fails to demonstrate that he was diligent in overcoming the barrier and pursing his claims. *Pabon v. Mahanoy*, 654 F.3d 385, 400 (3d Cir. 2011). He relies on the assertion that a Spanish legal program was not available at FCI-Cumberland until October 2011, a few months after the limitations period closed, but fails to explain why he was then unable to file his petition until almost 12 years later. Moreover, Mr. Zavala has been able to draft his pleadings on his own, or to secure assistance with same, throughout this action. He provides no explanation that would suggest extraordinary circumstances prevented him from pursuing his claim in the intervening years. Mr. Zavala simply was not diligent in pursuing his claim and thus is not entitled to equitable tolling. Accordingly, the Petition will be denied as untimely.

5

### IV. Certificate of Appealability

Having found that the Petition is untimely, this Court must determine if a certificate of appealability should issue. When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Mr. Zavala's pleadings fail to demonstrate that a certificate of appealability should issue; however, he is remains entitled to request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

A separate Order dismissing the Petition as untimely and denying a certificate of appealability follows.

October 3, 2025                                                    /S/

                                                                   _____
                                                                   Julie R. Rubin
                                                                   United States District Judge